Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Todd A. Guerrieri** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Donna Scruggs James** | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **DISTRICT OF SOUTH CAROLINA**

Case number: **22-02369**
(If known)

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification
2.1, 3.1. 8.1

# District of South Carolina
## Chapter 13 Plan

5/22

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.
4414

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor will pay the trustee as follows:

$2,660.00 per **Month** for **60** months
*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2** Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

- [x] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

- [x] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| | | Includes amounts accrued through the | | (or more) |

*Insert additional claims as needed.*

- [x] **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- [ ] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

  *Insert additional claims as needed*

- [x] **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

  *Insert additional claims as needed*

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- [ ] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

Case 22-02369-dd    Doc 22    Filed 10/18/22    Entered 10/18/22 15:25:27    Desc Main
Document      Page 4 of 20

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **Non-governmental claims.** The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed *Amount of secured claim*. Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim. The amount of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Regional Finance of Aiken/Reg. Manage. | $3,166.00 | 2000 Dodge Ram 2500 163K miles VIN 1B7KC23Z1YJ146872 | $3,000.00 | $0.00 | $3,000.00 | 5.25% | $57.00 (or more) |

*Insert additional claims as needed.*

☐ **Governmental claims.** The debtor's proposed *Amount of secured claim* for purposes of estimating plan funding is listed below. After the claim is filed or after the deadline to file a claim, the debtor will file either: (1) a motion to determine the amount of the secured claim, or (2) an objection to the proof of claim. Unless otherwise ordered by the Court, the governmental unit's secured claim amount listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The amount of the secured claim will be paid in full with interest at a rate stated below, with any priority amounts of the unsecured claim paid under Part 4, and any general unsecured amounts paid under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | (or more) |

*Insert additional claims as needed.*

3.3   Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

Check one.
☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Buddy's Home Furnishings | household goods | $400.00 | 5.25% | $8.00 (or more) <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| Westlake Financial Svcs | 2004 Dodge 3500 VIN 3D7MA48C64G125760 | $13,242.00 | 5.25% | $252.00 (or more) <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

*Insert additional claims as needed.*

3.4    **Lien avoidance**.

*Check one.*
　　☑    None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5    **Surrender of collateral.**

*Check one.*
　　☑    None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:    Treatment of Fees and Priority Claims**

4.1    **General**
The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

4.3    **Attorney's fees.**

　　a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

　　b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

4.4   **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐   **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

   a.   Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

   b.   The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

   c.   Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

4.5   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1   **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

5.2   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

5.3   **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

7.1   **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

 

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:  Nonstandard Plan Provisions

**8.1**  **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

### 8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):

In addition to the below, the provisions of the assigned Judge's Operating Order In re: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current Installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| HomeSpring Mortgage LLC | 302 Dicks Dr., Beech Island, SC 29842 | $1,819.81<br>Escrow for taxes:<br>☒ Yes<br>☐ No<br><br>Escrow for insurance:<br>☒ Yes<br>☐ No | $61<br>Or more | $9,394.33 | $157.00<br>Or more |
| | | $<br>Escrow for taxes:<br>☐ Yes<br>☐ No<br><br>Escrow for insurance:<br>☐ Yes<br>☐ No | $<br>Or more | $ | $<br>Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available. See the Operating Order of the Judge assigned to this case.**

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

## Part 9: Signatures:

**9.1 Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X _____  X _____
**Todd A. Guerrieri**                 **Donna Scruggs James**
Signature of Debtor 1                 Signature of Debtor 2

Executed on   **October 17, 2022**    Executed on   **October 17, 2022**

X _____        Date  **October 17, 2022**
**Lee Ringler ID#4796**
Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

## United States Bankruptcy Court
### District of South Carolina

In re  Todd A. Guerrieri
      Donna Scruggs James

Debtor(s)

Case No.  22-02369
Chapter   13

# AMENDED

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, a copy of __Notice of Confirmation Hearing and Amended Plan__ was served electronically or by regular United States mail to all interested parties, the Trustee, U.S. Trustee and all creditors listed on the attached mailing matrix.

attached mailing matrix

/s/Lee Ringler
Lee Ringler ID#4796
Lee Ringler
SUITE 200
808 GREENE STREET
AUGUSTA, GA 30901
706-724-4000 Fax:706-724-1644
lringler@leeringler.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 22-02369-dd<br>District of South Carolina<br>Columbia<br>Tue Oct 18 15:20:46 EDT 2022 | Ally Financial, c/o AIS Portfolio Services,<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | AmeriCredit Financial Services, Inc. dba GM<br>P O Box 183853<br>Arlington, TX 76096-3853 |
| J. Bratton Davis United States<br>Bankruptcy Courthouse<br>1100 Laurel Street<br>Columbia, SC 29201-2423 | 1st Franklin Financial Corp.<br>POB 880<br>Toccoa GA 30577-0880 | 1st Franklin Financial Corporation<br>Attn: Administrative Services<br>PO Box 880<br>Toccoa, GA 30577-0880 |
| ACS PRIMARY CARE PHYSICIANS - SE PC<br>PO BOX 1123<br>MINNEAPOLIS, MN 55440-1123 | Aargon Agency, Inc.<br>8668 Spring Mountain Road<br>Las Vegas NV 89117-4132 | Aiken Regional Medical Centers<br>3075 E. Imperial Hwy. Ste. 200<br>Brea CA 92821-6753 |
| Aiken Regional Medical Centers<br>POB 31001-0827<br>Pasadena CA 91110-0827 | (p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | (p)AMERICOLLECT INC<br>PO BOX 2080<br>MANITOWOC WI 54221-2080 |
| Buddy's Home Furnishings<br>120 Garner Road, Ste. a<br>Spartanburg SC 29303-3177 | (p)CAINE & WEINER COMPANY<br>12005 FORD ROAD 300<br>DALLAS TX 75234-7262 | Carolina Orthopedic & Neurological<br>1330 Boiling Springs Road, Ste. 1600<br>Suite 1000<br>Spartanburg SC 29303-4219 |
| Carolina Radiological Assoc.<br>1125 Troupe Street<br>Augusta GA 30904-4480 | CashnetUSA.com<br>175 West Jackson, Ste. 1000<br>Chicago IL 60604-2863 | CashnetUSA.com<br>200 West Jackson, Ste. 1400<br>Chicago IL 60606-6929 |
| Choice Recovery<br>1105 Schrock Rd., Ste. 700<br>Columbus OH 43229-1168 | Credit One Bank<br>Post Office Box 98872<br>Las Vegas NV 89193-8872 | Enhanced Recovery Corp.<br>PO Box 57547<br>Jacksonville FL 32241-7547 |
| First Premier Bank<br>POB 1348<br>Sioux Falls SD 57101-1348 | HomeSpring Mortgage LLC<br>5363 Creekview Lane<br>Hollywood SC 29449-5833 | (p)I C SYSTEM INC<br>LEGAL DEPARTMENT<br>PO BOX 64444<br>SAINT PAUL MN 55164-0444 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding<br>POB 10587<br>Greenville SC 29603-0587 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Medical Data Systems<br>128 W. Center Avenue Fl. 2<br>Sebring FL 33870-3103 | Midwest Recovery Systems LLC<br>514 Earth City Plaza, Ste. 100<br>Earth City MO 63045-1303 | OneMain Financial<br>POB 3251<br>ATTN:ManagingOfficer/Agent<br>Evansville IN 47731-3251 |

| | | |
|---|---|---|
| QUICK CREDIT SC0041<br>c/o HEIGHTS FINANCE HOLDING CO<br>ATTN BK<br>P.O. BOX 1947<br>GREENVILLE, SC 29602-1947 | (p)SOUTHERN MANAGEMENT<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 | RFC 308<br>726A Montague Avenue<br>Greenwood SC 29649-1439 |
| Regional Finance of Aiken/Reg. Manage.<br>979 Batesville Road, Ste. B<br>Greer SC 29651-6819 | SOUND PHYSICIANS EMERGENCY MED OF SC LLC<br>PO BOX 1123<br>MINNEAPOLIS, MN 55440-1123 | Seventh Avenue<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Sound Physicians Emer. Med. of SC, LLC<br>POB 748118<br>Los Angeles CA 90074-8118 | Sound Physicians of SC LLC<br>POB 745814<br>Los Angeles CA 90074-5814 | Swiss Colony<br>1112 7th Ave.<br>POB 2814<br>Monroe WI 53566-8014 |
| Tbom/Continental Fina.<br>4550 New Linden Hill Road, #400<br>Wilmington DE 19808-2952 | Verizon Wireless<br>500 Technology Drive, #550<br>Saint Charles MO 63304-2225 | (p)CONTINENTAL FINANCE COMPANY<br>PO BOX 3220<br>BUFFALO NY 14240-3220 |
| Wells Fargo Dealer Services, Inc.<br>POB 10709<br>Raleigh NC 27605-0709 | Westlake Financial Svcs<br>4751 Wilshire Blvd., Ste. 100<br>Los Angeles CA 90010-3847 | World Finance Corp. c/o World Accept. Co<br>POB 6429<br>Greenville SC 29606-6429 |
| Annemarie Belanger Mathews<br>Chapter 13 Office<br>3700 Forest Drive<br>Suite 302<br>Columbia, SC 29204-4010 | Donna Scruggs James<br>302 Dicks Drive<br>Beech Island, SC 29842-8524 | Todd A. Guerrieri<br>302 Dicks Drive<br>Beech Island, SC 29842-8524 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | V. Lee Ringler<br>Lee Ringler Law Offices<br>808 Greene St., Suite 200<br>Augusta, GA 30901-0221 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AmeriCredit Financial Services<br>Post Office Box 183853<br>Arlington TX 76096 | Americollect, Inc.<br>1851 South Alverno Road<br>Manitowoc WI 54220 | Caine & Weiner<br>POB 55848<br>Sherman Oaks CA 91413 |
| IC System INC<br>444 Highway 96 East<br>Post Office Box 64437<br>Saint Paul MN 55164-0437 | Jefferson Capital Systems LLC<br>PO Box 7999<br>St Cloud MN 56302-9617 | (d)Jefferson Capital Systems, LLC<br>Post Office Box 7999<br>Saint Cloud MN 56302-9671 |

| | | |
|---|---|---|
| Quick Credit Corp.<br>Southern Management Corp.<br>POB 1947<br>Greenville SC 29602 | (d)Southern Finance Co.of SC<br>POB 1947<br>ATTN:ManagingOfficer/Agent<br>Greenville SC 29602 | Verve<br>POB 3220<br>Buffalo NY 14240 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)AmeriCredit Financial Services, Inc. dba G
P O Box 183853
Arlington, TX 76096-3853

End of Label Matrix
Mailable recipients    49
Bypassed recipients     1
Total                  50